**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-12-0000211**
**30-SEP-2013**
**08:35 AM**

NO. CAAP-12-0000211

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
KEVIN SANFORD, Defendant-Appellant

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CR. NO. 11-1-1169)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Reifurth and Ginoza, JJ.)

Defendant-Appellant Kevin Sanford ("Sanford") appeals from 1) the Judgment of Conviction and Probation Sentence and 2) the Judgment of Conviction and Sentence, each entered into and filed on February 22, 2012 in the Circuit Court of the First Circuit ("Circuit Court").[1]

On December 6, 2011, Sanford was convicted of three counts: 1) Unauthorized Entry into Motor Vehicle in the First Degree ("UEMV") in violation of Hawaii Revised Statutes ("HRS") § 708-836.5 (Supp. 2012);[2] 2) Violation of Temporary Restraining Order in violation of HRS § 586-4(e)(1) (Supp. 2012); and 3)

---

[1] The Honorable Glenn J. Kim presided.

[2] (1) A person commits the offense of unauthorized entry into motor vehicle in the first degree if the person intentionally or knowingly enters or remains unlawfully in a motor vehicle, without being invited, licensed, or otherwise authorized to enter or remain within the vehicle, with the intent to commit a crime against a person or against property rights.

(2) Unauthorized entry into motor vehicle in the first degree is a class C felony.

HAW. REV. STAT. § 708-836.5.

Criminal Property Damage in the Fourth Degree in violation of HRS § 708-823 (Supp. 2012). On appeal, Sanford contends that the Circuit Court plainly erred in failing to properly instruct the jury on the UEMV charge.

Upon careful review of the records and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Sanford's appeal as follows:

Sanford contends that the Circuit Court erred because its UEMV instruction "failed to separate the intent element and the actual act[,]" and because that instruction "failed to specify and separate the state of mind for the first and second elements of the offense of UEMV." Sanford further argues that the Circuit Court's erroneous instructions "'adversely affected' [his] 'substantial rights and, as such, constituted [plain] error[,]'" citing *State v. Aganon*, 97 Hawai'i 299, 302-03, 36 P.3d 1269, 1272-73 (2001).

As to his first structure-of-the-instruction argument, Sanford notes that he requested that the court issue Hawai'i Pattern Jury Instructions - Criminal ("HAWJIC") 10.45A, but that, over the objection of both Sanford and the State, the court refused and issued its own UEMV instruction. The failure to strictly conform to an HAWJIC standard jury instruction, however, "does not automatically result in [an] incomplete and confusing jury instruction[]." *State v. Sawyer,* 88 Hawai'i 325, 335, 966 P.2d 637, 647 (1998). Furthermore, "the trial court is not required to instruct the jury in the exact words of the applicable statute but to present the jury with an understandable instruction that aids the jury in applying that law to the facts of the case." *Id.* at 330, 966 P.2d at 642 (quoting *State v. Apo*, 59 Haw. 625, 645, 586 P.2d 250, 263 (1978)) (internal quotation marks omitted); *see also State v. Metcalfe*, 129 Hawai'i 206, 230, 297 P.3d 1062, 1086 (2013).

Sanford claims that "[b]y virtue of the Court's failure to instruct the jury regarding the state of mind as to each material element, the jury could have found [him] guilty of UEMV even though it did not find the requisite state of mind with

2

respect to each element of the offense." Sanford does not explain how the instruction's modification affected the outcome of his case. He does not elaborate on how the Circuit Court's instruction lacked accurate definitions; that is, how one can "unlawfully enter" a motor vehicle but not enter it "without being invited, licensed or otherwise authorized to do so." Furthermore, he fails to address how the modified instruction does not specify the required state of mind for each element.

Similar to the case in *State v. Sale*, 110 Hawaiʻi 386, 133 P.3d 815 (App. 2006), the Circuit Court here addressed a redundancy in the standard jury instruction in order to create a clearer instruction. Instead of omitting an element as the court did in *Sale*, however, the Circuit Court here combined the first and second HAWJIC UEMV elements into one element in its modified instruction.[3/] The Circuit Court looked at the meaning of "unlawful entry"[4/] in the definitions section of the criminal statutes and concluded that:

> if you look at the definition of "unlawfully entering or remaining" that prefaces the entire 708 chapter, and it mainly is in the burglary context, the definition of unlawfully entering is exactly without being invited, licensed or otherwise privileged is the word used, instead of authorized in the standard 708 definition of unlawful entry, what it means.

The court then viewed the second element in the HAWJIC instructions – "did so without being invited, licensed, or otherwise authorized to enter or remain within the vehicle" – and determined that the only difference between that element and the term "unlawful entry" were the words "authorized" and "privileged," which the court regarded as immaterial.

> But [in] this Court's view, the difference between authorized and privileged is immaterial. Essentially, as I say, the definition of an unlawful entry is an entry without being invited, licensed or otherwise privileged or authorized to do so.

---

[3/]    The State had no objection to the instruction having two elements, as opposed to three.

[4/]        "Enter or remain unlawfully" means to enter or remain in or upon premises when the person is not licensed, invited, or otherwise privileged to do so.

HAW. REV. STAT. § 708-800 (Supp. 2012).

> In other words, the statute is completely redundant,
> in my view. It reads, in effect, intentionally or knowingly,
> unlawfully enters a motor vehicle unlawfully with the intent
> to commit within the motor vehicle a crime.

The Circuit Court did not err in following *Sale*. What occurred here is arguably clearer than what occurred in *Sale*, because the element "unlawful entry" was not removed and the modified instruction, through the preposition "by," then provided a definition for that element. Additionally, the Circuit Court included a definition for "entry" following the two material elements, pursuant to case law. *See State v. Faria*, 100 Hawai'i 383, 389, 60 P.3d 333, 339 (2002). Thus, the resulting jury instruction provided definitions of "unlawful entry" and "entry," without being repetitive or confusing.

Although the HAWJIC pattern jury instructions contain four elements, the Circuit Court was not obligated to follow them. The court is required to provide "an understandable instruction that aids the jury in applying that law to the facts of the case." *See Sawyer*, 88 Hawai'i at 330, 966 P.2d at 642 (quoting *Apo*, 59 Haw. at 645, 586 P.2d at 263). Therefore, the Circuit Court did not err in concluding that the two terms were redundant, and thus did not err in modifying the instruction and providing an instruction that aided the jury in understanding the law while eliminating redundancy.

As to Sanford's second, substantial rights, argument, in *Aganon*, the Hawai'i Supreme Court held that a trial court erred when it adversely affected defendant's substantial rights by requiring unanimous agreement as to only one of three material elements. 97 Hawai'i at 302-03, 36 P.3d at 1272-73. *Aganon*, however, is distinguishable from the instant case, because here the Circuit Court required that the jury unanimously agree to each element, twice instructing the jury on the matter.

Similarly, the Circuit Court's combination of elements in this case, if error at all, does not constitute prejudicial error. *See State v. Sugihara*, 101 Hawai'i 361, 367, 68 P.3d 635, 641 (App. 2003) ("But we look to the *Aganon* court's further conclusion, that 'the jury instructions were substantively, if not technically, correct' in this respect. . . . The combination

4

of conduct and result in a single element does not, in and of itself, portend prejudice." (citations omitted))

The instruction required the jury to find two, rather than three elements: that Sanford (1) intentionally or knowingly "unlawfully entered" by entering "without being invited, licensed, or otherwise authorized to enter or remain within the vehicle," and (2) that he did so while intending to commit a crime. The state of mind remained applicable to the first two HAWJIC elements, now combined into one. Sanford does not address why the first two HAWJIC elements differ, or why they should not be combined. Therefore, the Circuit Court's modified instruction was substantively correct and, thus, it did not adversely affect Sanford's rights.

Therefore, the February 22, 2012 Judgment of Conviction and Probation Sentence and Judgment of Conviction and Sentence, entered and filed in the Circuit Court of the First Circuit, are affirmed.

DATED: Honolulu, Hawaiʻi, September 30, 2013.

On the briefs:

Te-Hina Ickes
for Defendant-Appellant.

Donn Fudo,
Deputy Prosecuting Attorney,
City & County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge